IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARLOS M. MATA, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-134-W |
| v. | ) | |
| | ) | |
| JACKSON COUNTY THIRD | ) | |
| JUDICIAL DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed upon filing.

Petitioner is purporting to challenge a conviction and sentences entered against him in August 2009 in the District Court of Jackson County, Oklahoma, Case No. CF-2001-274. Petitioner represents that he pled no contest to a single charge of Assault with Intent to Commit a Felony, that he was convicted, and that he was sentenced to a two-year term of imprisonment. Petitioner admits that he did not appeal the conviction or sentence, but he alleges that he did submit a "motion to dismiss" in the case on about August 14, 2009, in which he asserted that "[t]he plea bargain agreement I agreed to wasn't the one that I was being forced to sign a few days later." Petition, at 2-3.

In ground one, Petitioner complains that the court clerk will not provided him a copy

1

of his "motion to dismiss." In ground two, Petitioner states only that he "need[s] to try to exhaust my remedies." As supporting facts, Petitioner asserts that the Sheriff for Jackson County "does not let inmates use the law library and directs us to seek our attorneys advice but our court appointed attorneys are only getting paid for our criminal cases." Petition, at 7-8 (ECF page numbers 6-7).

In ground three, Petitioner states that he "can file a brief to this Honorable Court in a more readable manner when I get a number." Petitioner asserts that his petition is timely "because of the newly discovered evidence," but he provides no details in support of this vague assertion. The only relief Petitioner seeks is "to lower the fines and court cost."

Petitioner has attached to the Petition a copy of a letter addressed to him in care of the Jackson County Jail from a Deputy Court Clerk for the Jackson County District Court. In this letter, Petitioner was advised concerning the cost for copies of documents maintained by the Court Clerk's office. In a footnote, Petitioner was advised that he would meet his court-appointed attorney at the preliminary hearing conference scheduled for November 4, 2014.

The pre-eminent issue is this Court's proper exercise of habeas jurisdiction. See Oyler v. Allenbrand, 23 F.3d 292, 293 (10th Cir. 1994)(recognizing court's duty to inquire into its own federal jurisdiction). The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe

restraints on individual liberty." Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, 411 U.S. 345, 351 (1973). A habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng v. Cook, 490 U.S. 499. 491 (1989).

There is nothing in the Petition or attached documents reflecting that Petitioner is in custody with respect to the conviction in Case No. CF-2001-274. Petitioner alleges that the date of the judgment of conviction in the criminal case was April 1, 2009, and that he was resentenced in the case on August 26, 2009, to a two-year term of imprisonment. More than five years have past since the alleged resentencing date.

Additionally, documentary evidence attached to the Petition indicates Petitioner is confined in the Jackson County Jail as a pretrial detainee on one or more new criminal charges. Because Petitioner is not in custody with respect to the conviction in Case No. CF-2001-274, this Court lacks jurisdiction to consider his purported challenge to the conviction entered in Jackson County District Court, Case No. CF-2001-274, in a 28 U.S.C. § 2254 habeas action.

Moreover, even if Petitioner could demonstrate that he is in custody pursuant to the conviction he is purporting to challenge, the face of the Petition reflects that Petitioner has not exhausted available state judicial remedies for challenging the conviction. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's

rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Petitioner repeatedly admits in his Petition that he has not exhausted state court remedies concerning his claims. Even if the time period for filing a direct or certiorari appeal of the conviction has expired, Oklahoma provides a post-conviction procedure codified at Okla. Stat. tit. 22, § 1080 et seq. Petitioner does not describe any attempt to pursue this available state judicial remedy for challenging his conviction in Case No. CF-2001-274. Thus, it is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement. Under these circumstances, the Petition should be dismissed without prejudice

for lack of exhaustion. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing without prejudice for lack of jurisdiction and failure to exhaust state judicial remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    March 2nd , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    10th    day of    February   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE