IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

MAR 1 2 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

CARLOS M. MATA, SR., )
                                )
          Petitioner, )
                                )
vs. ) No. CIV-15-134-W
                                )
JACKSON COUNTY THIRD JUDICIAL )
DISTRICT COURT, )
                                )
          Respondent. )

## ORDER

On February 10, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Carlos M. Mata, Sr., be dismissed upon filing. Magistrate Judge Purcell found that this Court is without subject matter jurisdiction since Mata had not demonstrated that he is in custody pursuant to the conviction he is purporting to challenge. Magistrate Judge Purcell further found that dismissal was warranted because Mata had failed to exhaust his state judicial remedies before challenging this conviction in federal court.

Mata was advised that he had the right to object to the Report and Recommendation, see Doc. 6 at 5, and the matter came before the Court on Mata's Motion for Leave of Court, see Doc. 7, and Motion for Extension of Time. See Doc. 8. Upon review, the Court on February 25, 2015, granted Mata's request for additional time to file his objections, if any, to the Report and Recommendation. See Doc. 10. The Court advised Mata that he must address in his objection whether he remains in custody with respect to the conviction and sentences entered in Case No. CF-2001-274 in the District Court of

Jackson County, Oklahoma, and why the Court should not dismiss this matter without prejudice since Mata has admitted he has failed to exhaust his state remedies prior to the commencement of this action.

Upon de novo review of Mata's Objection to the Report and Recommendation, see Doc. 11, the Court finds that Mata has not shown that this Court has subject matter jurisdiction because he is in custody pursuant to the conviction and sentences identified in the Petition. The Court likewise finds that Mata has not met his "'burden of demonstrating that he has exhausted his available state remedies.'" McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted)(further citations omitted).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 6] issued on February 10, 2015; and

(2) DISMISSES Mata's Petition without prejudice.

ENTERED this 12th day of March, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE